UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LADORIS WILSON, | Civil No. 10-418 (MJD/JSM) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES |
| MICHAEL J. ASTRUE, *Commissioner of Social Security*, | |
| Defendant. | |

Ethel J Schaen, **SCHAEN LAW OFFICE**, 1821 University Avenue, Suite 344 South, St. Paul, MN 55401; Thomas A. Krause, Thomas A. Krause, P.C., 6611 University Avenue, Suite 200, Des Moines, IA 50324, for plaintiff.

Lonnie F. Bryan, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

ARTHUR J. BOYLAN, United States Magistrate Judge

## I. INTRODUCTION

This matter is before the Court for a Report and Recommendation to the District Court, regarding plaintiff LaDoris Wilson's Application for Attorney's Fees. (Docket No. 28.) Wilson requests attorney's fees and costs, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $4,874.84.

## II. BACKGROUND

Wilson filed applications for disability insurance benefits and supplemental security income on July 1, 2006. Wilson's applications were denied on November 7,

2006 and again upon reconsideration on March 26, 2007.  Wilson requested a hearing before an Administrative Law Judge ("ALJ") who affirmed the denial of benefits.  United States District Court Judge Michael J. Davis adopted the Report and Recommendation of the undersigned March 16, 2011, finding that the record supported an award of disability.  (Order, Docket No. 26.)  Thus, the District Court granted Wilson's Motion for Summary Judgment (Docket No. 11), denied the Commissioner's Motion for Summary Judgment (Docket No. 17), and reversed the ALJ.  (Order, Docket No. 26.)  Wilson's counsel has now filed an application seeking to collect attorney's fees and costs under 28 U.S.C. § 2412(d).  The Government opposed the award of fees.

### III.   DISCUSSION

The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The burden is on the Government to show that its position was substantially justified.  *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).  "The standard is whether the Secretary's position is 'clearly reasonable, well founded in law *and fact*, solid though not

necessarily correct." *Id.* (quoting *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995) (emphasis in original)).

The Government argues that the Secretary's position in the underlying litigation was substantially justified. However, the District Court, in adopting the Report and Recommendation, found that the ALJ's denial of benefits was not supported by substantial evidence. (Order at 23, Docket No. 22); *see* 42 U.S.C. §§ 405(g), 1383(c)(3); *Murphy v. Sullivan*, 953 F.2d 383, 384 (8th Cir. 1992). The District Court noted that the ALJ's determination that Wilson was living independently and therefore could function outside a highly supportive living arrangement was "incorrect. The record evidence is undisputed: Plaintiff was discharged from the psychiatric ward in April 2006 into a shared housing (group-living) environment. . . . Her present setting is a highly supportive living arrangement because it is a group-living setting . . . ." (Order at 26-27, Docket No. 22.) Furthermore, Wilson's doctors were fairly consistent in their opinions that she needed a highly supportive living arrangement. (*Id.*) As a result, the District Court determined that the Secretary's position was not well supported by the facts of the case. Based on the facts of this case, the Magistrate Judge recommends the District Court further find the Government has not met its burden of showing that its position was substantially justified so as to deny fees.

### III.    CONCLUSION

The EAJA provides for an award of fees in this case. Wilson seeks a total of $4,874.84 for attorney's fees. Wilson provided an itemized affidavit for 27.8 hours of

work, at a rate of $175.02 per hour for 27.20 hours and $178.63 for 2.60 hours.[1] Wilson contends the requested amount is reasonable and consistent with the allowance of a cost of living increase in the hourly rate established by 28 U.S.C. § 2412(d)(2)(A). Therefore, Wilson should be awarded fees in the amount of $4,874.84.

## RECOMMENDATION

For the foregoing reasons, it is hereby recommended that Wilson be awarded attorney fees in the amount of $4,874.84, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Docket No. 28).

Dated: August 31, 2011

s/ Arthur J. Boylan

Arthur J. Boylan

Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not

---

[1] The Court notes that there are several computational errors in the affidavit for fees. First, in the itemization of hours for 2011, the total hours are listed as 2.6 when the figures add to 3.5 hours. Second, in the summary of the fee request, the total claims 27.8 hours when the correct total is 29.8 and in fact should likely be 30.7 based on the error in the itemized list. Finally, the total attorney's fees claim $4,874.84 in the summary table when the figures add up to $5224.86 and would likely be higher based on the error in the itemized list of 2011 hours. Since Wilson is requesting an amount lower than these errors would seem to support, thereby engendering no prejudice to the Government, the Court recommends granting fees of $4,874.84, as requested.

directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before September 14, 2011.